UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EXIST, INC.,

        Plaintiff,

-against-

TOKIO MARINE AMERICA INSURANCE COMPANY,

        Defendant.

22-CV-1679 (AT) (BCM)

**ORDER REGARDING GENERAL PRETRIAL MANAGEMENT**

**BARBARA MOSES, United States Magistrate Judge.**

## General Pretrial Management

On July 24, 2023, the above-referenced action was referred to Magistrate Judge Barbara Moses for general pretrial management, including scheduling, discovery, non-dispositive pretrial motions, and settlement, pursuant to 28 U.S.C. § 636(b)(1)(A). (*See* Dkt. 36.) All pretrial motions and applications, including those related to scheduling and discovery must be made to Judge Moses and in compliance with this Court's Individual Practices in Civil Cases, available on the Court's website at https://nysd.uscourts.gov/hon-barbara-moses.

## Pending Applications

After a series of extensions, fact discovery closed on April 14, 2023. (S*ee* Dkts. 26, 30.) Expert discovery was scheduled to close on June 19, 2023. (*See* Dkt. 30.) That evening, plaintiff Exist, Inc. served the expert report of Ron Santicola, after which defendant Tokio Marine America Insurance Company sought a further extension of the expert discovery deadline, to July 19, 2023, to "depose Plaintiff's expert and provide a rebuttal report." (Dkt. 31 at 1.)

The District Judge granted that request. (Dkt. 32.) However, defendant did not depose Santicola. Nor did it provide a rebuttal report. Instead, by letter-application dated July 14, 2023, defendant sought leave to file a *Daubert* motion; that is, a motion to strike the Santicola report and preclude Santicola from testifying. (Dkt. 33 at 2-3.) In the same letter, defendant requested that

fact discovery be reopened so that it could "investigat[e] any other claims of theft on Exist's property." (Dkt. 33 at 2-3, 4.) Four days later, on July 18, 2018, defendant requested that the expert discovery deadline be further extended, *sine die*, pending the outcome of its anticipated *Daubert* motion. (Dkt. 34.)

On July 21, 2023, plaintiff filed an opposition letter, arguing that the Santicola report is admissible, that fact discovery should not be reopened, and that the expert discovery deadline should not be further extended, particularly given that defendant failed to make a diligent effort (or indeed any effort) to depose Santicola or submit a rebuttal expert report within the most recent 30-day extension, which it requested for that purpose. (Dkt. 35.)

### Disposition

1.  Defendant may submit a single reply letter-brief, in accordance with Moses Ind. Prac. § 1(d), no later than **August 4, 2023**. Defendant shall include, as an attachment, a copy of the Santicola report.

2.  The Court will hold a pre-motion conference with respect to defendant's anticipated *Daubert* motion on **August 9, 2023**, at **9:00 a.m.**, in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse.

3.  It is the Court's practice to decide discovery and scheduling disputes based on the parties' letters, where possible. If the Court is unable to resolve defendant's requests to reopen fact discovery and extend expert discovery prior to the August 9 conference, the parties may also present argument as to those issues at the conference.

Dated: New York, New York
August 1, 2023                                SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**