UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EXIST, INC.,

        Plaintiff,

-against-

TOKIO MARINE AMERICA INSURANCE COMPANY,

        Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/5/2023__

22-CV-1679 (AT) (BCM)

**ORDER DENYING MOTION TO REOPEN EXPERT DISCOVERY**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons that follow, the Court will deny plaintiff's letter-application (Pl. Ltr.) (Dkt. 51) to reopen expert discovery for the purpose of serving an amended expert report to replace a report that failed the test of Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

## Background

Plaintiff Exist, Inc. (Exist), an apparel wholesaler, suffered a flood at its warehouse in 2019. *See* Compl. (Dkt. 1) ¶ 23. In this action, Exist alleges that its insurer, defendant Tokio Marine America Insurance Company (Tokio Marine), "failed to adequately inventory and catalog all of the damaged articles and, based on its failure to properly inventory all damaged articles, failed to properly compensate Exist under the insurance policy for the damage Exist incurred." *Id.* ¶ 1. Plaintiff also complains that some of the damaged garments, which should have been destroyed, were "found in commerce" at a nearby flea market, *id.* ¶¶ 47-48, and on that basis accuses defendant of conversion. *Id.* ¶¶ 68-73.

After several extensions, fact discovery closed on April 14, 2023. (*See* Dkts. 16, 26, 30.)

On June 19, 2023, plaintiff served the expert report of Ron Santicola (Santicola Rep.) (Dkt. 41-1), who opined that Tokio Marine "faile[d] to adequately inventory and catalogue the water-

damaged products in Exist's warehouse and then to destroy the unsalvageable merchandise[.]" Santicola Rep. ¶ 1. On July 14, 2023, in lieu of serving any rebuttal report, Tokio Marine moved to strike the Santicola Report pursuant to Rule 702 and *Daubert*. (Dkt. 33 at 2-3.) At the same time, defendant moved to reopen fact discovery, for the purpose of investigating "other claims of theft on Exist's property." *Id.* at 3-4. Expert discovery, which had also been extended a number of times, closed five days later, on July 19, 2023. (*See* Dkt. 32.)

On August 8, 2023, I denied Tokio Marine's motion to reopen fact discovery, finding that defendant had not established "good cause," as required by Fed. R. Civ. P. 16(b)(4), to modify the pretrial schedule for that purpose. (Dkt. 41.) Tokio Marine filed a timely objection to that ruling, pursuant to Fed. R. Civ. P. 72(a), which remains pending before the Hon. Analisa Torres, United States District Judge. (Dkt. 45.)

On September 6, 2023, after hearing oral argument, I granted defendant's motion to strike the Santicola Report, principally because: (i) plaintiff made no showing that Santicola (whose background is largely in the fuel distribution and convenience store industries) has any "specialized knowledge" concerning the inventory management issues relevant to this action, as required by Rule 702(a); and (ii) the Santicola Report conspicuously failed to identify any sources for the various standards and methods seemingly applied in his report, as required by Rule 702(c) and (d), to show that his opinions were the product of "reliable principles and methods" that were "reliably applied to the facts of the case." *See* Tr. of Sept. 6, 2023 Hr'g (Dkt. 49) at 19:22-26:4; Sept. 6, 2023 Order (Sept. 6 Order) (Dkt. 47) at 1.

Exist then requested "the opportunity to see if these deficiencies can be corrected[.]" Tr. at 26:7-8. After discussion, I asked the parties to brief that issue, to assist me in determining "whether it would be appropriate for the Court to confine the plaintiff to the one clear chance that [it] had in

the discovery schedule or whether it would be appropriate to essentially give [plaintiff] a second round, [its] first attempt having failed to clear the bar." *Id.* at 31:21-32:1; *see also* Sept. 6 Order at 1 (setting schedule for further letter-briefing).

## The Parties' Positions

Plaintiff filed its letter-motion on September 20, 2023, requesting leave to reopen expert discovery for the purpose of serving "an amended expert report from Ron Santicola." Pl. Ltr. at 1. The letter does not attach the proposed amended report and does not explain how the amendment would cure the deficiencies of the original Santicola Report, except in generalities, as follows:

> Mainly, Santicola will be including more information in his CV and otherwise related to his prior experience in inventorying and insurance claims to demonstrate his qualification as an expert in this matter and to bring the report within the bounds of Fed. R. Evid. 702(a). In addition, Santicola will be providing citations and sources for his statements in the report pursuant to Fed. R. Evid. 702(c)&(d) to demonstrate that his opinions are based on reliable sources and application of those principles and methods to the facts in this case.

*Id.* at 4. Nor does plaintiff identify any cases in which, after a party's expert report was excluded as unreliable, the court reopened discovery in order to provide that party with a "do-over" opportunity. Instead, Exist cites inapposite cases arising from distinguishable procedural and factual settings.[1]

---

[1] In *Harkabi v. SanDisk Corp.*, 2012 WL 2574717 (S.D.N.Y. June 20, 2012), the court denied a post-trial motion to strike the trial testimony of an expert witness on the ground the expert used demonstratives that were not included in his written expert report. *Id*. at *4-6. In *Fitzpatrick v. Am. Int'l Grp., Inc.*, 2013 WL 5652629, at *7 (S.D.N.Y. Oct. 15, 2013), the court denied a motion to preclude an expert report made solely on the ground that the report was served later than the time required by Fed. R. Civ. P. 26(a)(2)(D). *Id*. at *5-7. Similarly, in *Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd.*, 2013 WL 4409434, at *13 (E.D.N.Y. Aug. 2, 2013), *report and recommendation adopted as modified*, 2013 WL 5502852 (E.D.N.Y. Oct. 1, 2013), *and report and recommendation adopted*, 2014 WL 12769275 (E.D.N.Y. Sept. 17, 2014), the question was whether to strike, as untimely, two declarations from plaintiffs' principals that functioned, in large part, as expert reports from previously undisclosed experts. The court granted that motion "in substantial part." *Id*. at *16. In *Cosentino by & through Cosentino v. Off. of Mental Retardation & Developmental Disabilities*, 2010 WL 11711525 (S.D.N.Y. Mar. 3, 2010), the district court agreed to reopen expert discovery after the Second Circuit vacated the grant of summary judgment to

Plaintiff has not sought reconsideration of my September 6 Order striking the original Santicola Report. Nor has it objected to that ruling pursuant to Fed. R. Civ. P. 72(a).

On September 27, 2023, Tokio Marine filed its opposition letter (Def. Ltr.) (Dkt. 52), arguing that Exist should not be given "a second bite at the apple to supplement a wholly defective and unsupported expert report after [the Court] rightfully struck same for failure to comply with" Rule 702. Def. Ltr. at 1. The cases cited by defendant are also somewhat wide of the mark, in that they concern attempts to serve supplemental expert reports pursuant to Rule 26(e)(2).[2]

## Analysis

The issue here is not whether plaintiff can "supplement" an "incomplete or incorrect" expert report pursuant to Rule 26(e). At present, plaintiff has no expert report at all, because it failed to show either that Santicola was qualified to provide an expert opinion concerning proper

---

defendant and remanded the case for further proceedings because plaintiff had raised "a genuine issue of material fact" as to "the minimum professional standards of psychiatric care" and whether the defendant psychiatrist "deviated from those standards." *Id*. at *1. Finally, in *Wechsler v. Hunt Health Sys., Ltd.*, 381 F. Supp. 2d 135 (S.D.N.Y. 2003), the court "reminded plaintiff of his duty to supplement the expert report" of his accounting expert, *see id.* at 154-55, and then granted (in part) defendants' motion to strike the expert's supplemental report as exceeding the bounds of Fed R. Civ. P. 26(e)(2). *Id*. at 155-58.

[2] Rule 26(e)(2) requires a party to supplement its expert report promptly upon learning that the information included therein (or provided by the expert at deposition) is "incomplete or incorrect." *See* Fed. R. Civ. P. 26(e)(1)(A) and (e)(2). In *Lidle v. Cirrus Design Corp.*, 2009 WL 4907201 (S.D.N.Y. Dec. 18, 2009), the court excluded an unauthorized second report from plaintiff's engineering expert after concluding that it did not qualify either as a "reply" report (responding to defendants' experts) or as a "supplemental" report authorized by Rule 26(e), because it did not "rely [on] any information that was previously unknown or unavailable" to the expert. 2009 WL 4907201, at *4-6. In *Sandata Techs., Inc. v. Infocrossing, Inc.*, 2007 WL 4157163 (S.D.N.Y. Nov. 16, 2007), the court struck Infocrossing's 120-page "supplemental" expert report, as well as its 382-page "second supplementary" expert report, after finding that they were in reality unauthorized reply reports that could not be justified under Rule 26(e). 2007 WL 4157163, at *4-7. Similarly, in *In re Bear Stearns Cos., Inc. Secs., Derivatives and ERISA Litig.*, 263 F. Supp. 3d 446 (S.D.N.Y. June 30, 2017), the court excluded an unauthorized and untimely "revised report" because it did not "rely on previously unknown information, and thus [was] not a 'supplemental' report under Rule 26[(e).]" *Id*. at 452.

inventorying procedures after a flood at a clothing warehouse or that his opinions had any grounding in "reliable principles and methods." Moreover, plaintiff candidly admits that the purpose of the proposed amended report is to plug the gaps in the original Santicola Report with information already known to him, *see* Pl. Ltr. at 4, not to update it, pursuant to Rule 26(e), based on "information that was previously unknown or unavailable." *Lidle*, 2009 WL 4907201, at *6.

The question is whether plaintiff has shown good cause, as required by Rule 16(b)(4), to reopen the discovery schedule so that it can serve a new expert report in hopes of meeting the admissibility standards of Rule 702 and *Daubert* on its second try. I answer that question in the negative. A finding of "good cause" depends in large part on "the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). Accordingly, the "party seeking to reopen discovery must show why the court's deadlines could not 'reasonably' have been made 'despite [its] diligence.'" *King v. Friend of Farmer, Inc.*, 2000 WL 290355, at *1 (S.D.N.Y. Mar. 21, 2000) (alteration in original) (citation omitted). Plaintiff fails to make that showing, because it fails to explain why the information it pledges to provide in its amended expert report (including information "related to [Santicola's] prior experience in inventorying and insurance claims" and "citations and sources for his statements in the report," Pl. Ltr. at 4) could not have been included in the original Santicola Report.

Since *Daubert* was decided in 1993, "parties relying on expert evidence have had notice of the exacting standards of reliability [that expert] evidence must meet." *Weisgram v. Marley Co.*, 528 U.S. 440, 445 (2000). Consequently, "[i]it is implausible to suggest, post-*Daubert*, that parties will initially present less than their best expert evidence in the expectation of a second chance should their first try fail." *Id.*[3] In reliance on this principle, courts around the country have routinely

---

[3] *Weisgram* arose out of a decision by the Eighth Circuit directing entry of judgment for Marley, the defendant below, after holding, on a post-trial appeal, that the testimony of plaintiffs' experts

declined to grant the relief sought by plaintiff here. *See*, *e.g.*, *Nelson v. Tennessee Gas Pipeline Co.*, 243 F.3d 244, 249-50 (6th Cir. 2001) ("[F]airness does not require that a plaintiff, whose expert witness testimony has been found inadmissible under *Daubert*, be afforded a second chance to marshal other expert opinions and shore up his case before the court may consider a defendant's motion for summary judgment."); *Bank of Am., N.A. v. Jericho Baptist Church Ministries, Inc.*, 2020 WL 128455, at *1 (D. Md. Jan. 10, 2020) ("Jericho D.C. chose to designate Susan Riley as its sole standard-of-care expert and vigorously persisted in her bona fides. Now that BOA succeeded in excluding Riley, the Court will not allow Jericho D.C. a 'do-over.'"), *aff'd,* 2022 WL 11112695 (4th Cir. Oct. 19, 2022); *In re HHE Choices Health Plan, LLC*, 2019 WL 6112679, at *8 (Bankr. S.D.N.Y. Nov. 15, 2019) ("Giving parties a 'do-over' if and when their [expert] reports are found to be unreliable would just encourage parties and experts to cut corners and to submit sub-standard work in the first go-round. It would also force innocent adversaries to incur additional and unnecessary expense and inconvenience."); *Bermudez v. City of New York*, 2018 WL 6727537, at *7 (E.D.N.Y. Dec. 21, 2018) ("Plaintiff requests the court to permit him to supplement his expert reports in the event, as here, the court finds Dr. Guy's report insufficient. Plaintiff has not demonstrated good cause as to why he should be permitted a second chance to fulfill his obligations under Rule 26."); *Brown v. China Integrated Energy, Inc.*, 2014 WL 12577131, at *3-4 (C.D. Cal. Nov. 21, 2014) ("Plaintiffs are not entitled to a 'do-over' after their expert witness is disqualified[.]") (collecting cases).

---

should have been excluded under Rule 702 and *Daubert*, and that absent any admissible expert testimony, the evidence was insufficient to support a jury verdict in plaintiffs' favor. 528 U.S. at 445-46. The Supreme Court affirmed, in the process holding that the Eighth Circuit "did not abuse its discretion by directing entry of judgment for Marley, instead of returning the case to the District Court for further proceedings," which might have given plaintiffs the opportunity to designate a new expert witness. *Id*. at 456.

To be sure, the district courts have "broad discretion to direct and manage the pre-trial discovery process," *Cosentino*, 2010 WL 11711525, at *1, including by reopening expert discovery even in the absence of diligence by the moving party. *Id.* In this case, however, plaintiff has presented no persuasive reason for me to exercise that discretion so that it can have "a second chance to fulfill [its] obligations under Rule 26." *Bermudez*, 2018 WL 6727537, at *7. As noted above, plaintiff has not submitted its proposed amended expert report. Nor has it provided any concrete information suggesting that the amendment would be successful; that is, that Santicola would be able to cure the deficiencies that caused the Court to strike his original report. Granting the relief sought, therefore, would likely lead to yet another *Daubert* motion, creating additional expense for both sides and delaying trial.[4] Alternatively, if no second *Daubert* motion were made (or if the motion failed), defendant – which served no expert report of its own – would no doubt cry prejudice and request the opportunity to do so out of time, further multiplying proceedings and delaying the resolution of this action.

As it is, neither side is in a position to call an expert witness as to whether Tokio Marine adequately inventoried, catalogued, and destroyed the water-damaged products in Exist's warehouse. Nor is it clear to this Court that expert testimony on this topic is necessary to assist the jury to "understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). *See* Pl. Ltr. at 3 (arguing that without a report from Santicola, "the finder of fact will need to determine for itself, without the assistance of an expert, what is and is not proper practices in inventorying goods," but failing to explain why that determination cannot be made based upon the documents

---

[4] No trial date has yet been set. However, pursuant to the Civil Case Management Plan and Scheduling Order, the parties' Joint Pretrial Order and related submissions are due "thirty (30) days following the close of fact and expert discovery[.]" Case Mgmt. Plan (Dkt. 16) ¶ 11. The parties have not yet filed the required pretrial materials, presumably because they are awaiting decision on defendant's pending Rule 72(a) objection, which if successful would result in the reopening of fact discovery, and the instant motion to reopen expert discovery.

and percipient witness testimony to be presented at trial). Consequently, while I do not doubt that reliable expert witness testimony concerning relevant industry standards for inventory management after a flood loss could be helpful to plaintiff at trial (assuming, of course, that such standards exist and that Tokio Marine fell short of them), I am not concerned that plaintiff will be unduly or unfairly prejudiced by the denial of the instant motion.

## Conclusion

For the reasons set forth above, plaintiff's motion to reopen expert discovery (Dkt. 51) is DENIED.

Dated: New York, New York
October 5, 2023

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**