USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/9/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EXIST, INC.,

Plaintiff,

-against-

TOKIO MARINE AMERICA INSURANCE COMPANY,

Defendant.

22 Civ. 1679 (AT) (BCM)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Exist, Inc. ("Exist"), an apparel wholesaler, filed this action on February 28, 2022, alleging that Defendant, Tokio Marine America Insurance Company ("Tokio Marine"), its insurer, failed to properly compensate Exist for its losses after a December 19, 2019 flood at its warehouse in Fort Lauderdale, Florida. Compl. ¶¶ 1, 23, ECF No. 1. After a series of extensions, fact discovery closed on April 14, 2023. ECF Nos. 16, 26, 30.

On July 14, 2023, Tokio Marine moved to reopen fact discovery. ECF No. 33. By order dated August 8, 2023 (the "Order"), the Honorable Barbara C. Moses denied Tokio Marine's request, finding that "Tokio Marine ha[d] failed to show good cause for the relief it" sought. Order at 7, ECF No. 41. Before the Court are Tokio Marine's objections and motion to modify or set aside the Order pursuant to Federal Rule of Civil Procedure 72(a). Def. Objs., ECF No. 45.

For the reasons stated below, Tokio Marine's objections are OVERRULED and its request to vacate or modify the Order is DENIED.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 72(a) provides that the district judge to whom a case is assigned shall consider a party's objections to a magistrate judge's order on a non-dispositive matter and shall "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). An order is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted). An order is contrary to law when it fails to apply or misapplies relevant statutes, caselaw, or rules of procedure. *Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009). A magistrate judge's denial of a motion to reopen fact discovery is non-dispositive and reviewed for clear error. *See In re Lifetrade Litig.*, No. 17 Civ. 2987, 2022 WL 1448431, at *1–2 (S.D.N.Y. May 9, 2022); *see also DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 341 (S.D.N.Y. 2009) (collecting cases). "Pursuant to this highly deferential standard of review, a magistrate judge is afforded broad discretion in resolving discovery disputes and reversal is appropriate only if their discretion is abused." *Lyondell-Citgo Ref., LP v. Petroleos de Venezuela, S.A.*, No. 02 Civ. 0795, 2005 WL 551092, at *1 (S.D.N.Y. Mar. 9, 2005) (quotation marks and citation omitted).

### II. Analysis

Discovery deadlines may be modified only where a party has demonstrated "good cause." Fed. R. Civ. P. 16(b)(4). A party fails to show good cause where "they were not diligent in seeking the discovery at issue." *Tatintsian v. Vorotyntsev*, No. 16 Civ. 7203, 2021 WL 780139, at *5 (S.D.N.Y. Jan. 27, 2021). "As a general rule, discovery should only be re-opened if the movant can show that despite its having exercised diligence, the applicable deadline set in the

court's scheduling order could not reasonably have been met." *Iacovacci v. Brevet Holdings, LLC*, No. 18 Civ. 08048, 2022 WL 540658, at *1 (S.D.N.Y. Feb. 23, 2022) (quotation marks and citation omitted). District courts in the Second Circuit consider six factors in evaluating applications to reopen discovery:

> (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

*Carroll v. Trump*, No. 22 Civ. 10016, 2023 WL 2006312, at *7 (S.D.N.Y. Feb. 15, 2023) (quoting *Bakalar v. Vavra*, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011)). In the Order, Judge Moses applied the facts of this case to the relevant factors. Tokio Marine now contends that the "Order is contrary to law when applying the six factors" and was improperly rendered after Judge Moses considered only the parties' letter briefing. Def. Objs. at 5. The Court addresses each of Tokio Marine's objections below.

Tokio Marine seeks to reopen discovery to pursue discovery into a lawsuit brought by another one of Exist's insurers. Def. Objs. at 5–6 (discussing *Starr Indemnity and Liability Company v. Exist, Inc.*, No. 23 Civ. 786 (S.D.N.Y. 2023) (the "*Starr* action")). Assessing the sixth factor of the Circuit's test, Judge Moses held that the *Starr* action is not sufficiently relevant to the instant case, Order at 4–5. Tokio Marine objects. *See* Def. Objs. at 5.

The *Starr* action concerned a coverage dispute following the theft of Exist's goods from another one of its warehouses. Tokio Marine argues that the facts of the *Starr* action "bear[] on Exist's credibility and allegations that [Tokio Marine] stole its property during the inventorying process." *Id.* at 7. Tokio Marine further contends that it "cannot conceivably be argued that two instances of theft of merchandise, specifically wearing apparel, from the same entity, have no

bearing on [Tokio Marine's] defense of the instant claim," and, therefore, evidence from the *Starr* action "is relevant and proportional pursuant to Fed. R. Evid. 401 and Fed. R. Civ. P. 26(b)(1)." *Id.* at 10.

Under Federal Rule of Civil Procedure Rule 26(b)(1), "[a] district court has broad latitude to determine the scope of discovery." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012). The Court may use its discretion to strike the proper balance between discovery that is "relevant to any party's claim or defense," on the one hand, and "proportional to the needs of the case," on the other. Fed. R. Civ. P. 26(b)(1). As described in the Order, the *Starr* action was filed two years after the facts giving rise to the instant case, occurred at a different warehouse location, dealt with an undisputed third-party theft, and involved the theft of full trailers' worth of goods. Order at 5–6; *see also* Pl. Opp'n at 12–13, ECF No. 46. This case, by contrast, involves allegations that agents of a party to the case stole individual garments or garments by the box during the insurance inventorying process. Order at 5–6. Given that Tokio Marine has already obtained discovery into Exist's security protocols, *see* Def. Objs. at 7, Judge Moses's finding that discovery into the *Starr* action would be nothing more than a "fishing expedition"—and would not support a theory that "Exist has a suspicious 'propensity' for making theft claims," Order at 6—was not clearly erroneous.

Concerning the fourth and fifth factors—whether the moving party was diligent in seeking the discovery at issue and the foreseeability of the need for such discovery—Tokio Marine argues that Judge Moses rendered her decision without reviewing the full record and misapplied the law. Def. Objs. at 10–12. These arguments lack merit.

Fact discovery closed in April 2023, and Tokio Marine first broached the topic of the *Starr* action in July 2023—three months later. Tokio Marine argues that it was diligent because upon learning of the *Starr* action, it immediately sought discovery on it. Def. Objs. at 11. This attempt to

shift the Overton window is unpersuasive. A party's diligence turns not just on what the party "knew" when discovery closed, but also on what it "should have known." *Sokol Holdings, Inc. v. BMD Munai, Inc.*, No. 05 Civ. 3749, 2009 WL 2524611, at *8 (S.D.N.Y. Aug. 14, 2009). "[D]uring the many-times-extended fact discovery period," Tokio Marine never once inquired "whether Exist made any arguably similar claims of theft." Order at 6. Tokio Marine suggests that it could not have known of any other instances of theft until after the 30(b)(6) deposition of Theresa Poston. Def. Objs. at 11. But, Poston's deposition occurred in January 2023—months before the close of discovery. *See* ECF No. 45-6. Likewise, while Tokio Marine claims it only learned of the *Starr* action after discovery closed in April 2023, Reply at 7, ECF No. 48, the *Starr* action was filed in January, well before the close of fact discovery. *Starr Indem. & Liab. Co. v. Exist, Inc.*, 23 Civ. 786, ECF No. 1. Tokio Marine fails to show why discovery into the matter was impossible during the intervening months. As such, the Court is not persuaded that it acted with diligence. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).

Finally, despite Tokio Marine's insinuations to the contrary, its failure to timely pursue discovery into the *Starr* action cannot be cast as a dereliction of Exist's discovery obligations. *See* Def. Objs. at 8. Absent a discovery request, a party is only obligated to disclose information it "may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A). Thus, Exist had no obligation to proactively disclose to Tokio Marine, its adversary, facts that it did not intend to use. Order at 6; *see Beverly Hills Teddy Bear Co. v. Best Brands Consumer Prod., Inc.*, 2020 WL 7342724, at *5 (S.D.N.Y. Dec. 11, 2020) ("[T]here is no requirement to disclose anything that the disclosing party will not use, which may include much that is harmful to its case." (quoting 8A Wright & Miller, Federal Practice & Procedure § 2053 (3d ed. 2020))).

For these reasons, Judge Moses's denial based on these factors is not clearly erroneous.

Next, Judge Moses found that the second and third factors—whether the application is opposed and whether the non-moving party would be prejudiced—both weigh against Tokio Marine. *See* Order at 7. Tokio Marine protests that "there is no basis for those findings." Def. Objs. at 12. But, Exist's opposition to Tokio Marine's motion is evidenced by its multiple opposition papers. *See* ECF Nos. 35, 46. Further, Judge Moses found that Exist would be prejudiced by the reopening of fact discovery given the "risk that expert discovery would also require reopening." Order at 7. Finding neither of these conclusions contrary to law, Tokio Marine's objections are overruled.[1]

Lastly, Tokio Marine argues that although a magistrate judge may resolve a discovery dispute on "letter-briefing," Tokio Marine was "not afforded even a full letter-briefing" because Judge Moses limited briefing to a four-page letter. Def. Objs. at 4–5.

On July 14, 2023, Tokio Marine filed its initial four-page, single-spaced letter motion to, among other things, reopen fact discovery. ECF No. 33. Following Exist's opposition letter, ECF No. 35, on August 4, 2023, Tokio Marine filed a five-page, single-spaced reply, again addressing its request to reopen fact discovery. ECF No. 40.[2] On August 8, 2023, Judge Moses denied Tokio Marine's motion to reopen discovery and its request "to file a formal, noticed motion," finding that the "parties ha[d] more than adequately briefed defendant's application . . . in their letters." Order at 4.

Where the parties' letters "adequately present their views of a straightforward request, it is appropriate . . . to treat the letters themselves as motion papers and to rule on the merits." *Highland CDO Opportunity Master Fund, L.P. v. Citibank, N.A.*, No. 12 Civ. 2827, 2014 WL

---

[1] This Order does not discuss the first factor—whether trial is imminent—as it is undisputed that "no dates have yet been set for trial or for summary judgment motions." Order at 7. The Court agrees that this fact, standing alone, "is insufficient to justify reopening discovery where the relevance proposition is weak." *Id.*

[2] After ruling on Tokio Marino's motion to reopen discovery, Judge Moses later struck an exhibit attached to Tokio Marine's letter, but did not strike the letter itself. *See* ECF No. 47.

6686600, at *3 (S.D.N.Y. Nov. 21, 2014) (cleaned up); *see In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011) (holding that the "district court did not abuse its discretion in construing the letter as a motion and denying the motion"). Such an approach is consistent with Federal Rule of Civil Procedure 1, which instructs courts to "construe[], administer[], and employ[]" the Rules to "secure [a] just, speedy, and inexpensive determination." Finding that the parties' briefing was "more than adequate" and that Tokio Marine's reply simply repeated the claims it made in its opening letter, Order at 3–4, Judge Moses's decision to forgo more formal briefing was neither clearly erroneous nor contrary to law.

**CONCLUSION**

The Court finds that Judge Moses's "decision not to reopen discovery at this late stage was not contrary to law or clearly erroneous but rather a reasonable exercise of discretion in controlling discovery." *Roche Freedman LLP v. Cyrulnik*, No. 21 Civ. 1746, 2023 WL 5048622, at *2 (S.D.N.Y. Aug. 8, 2023). For the reasons stated above, Tokio Marine's objections are OVERRULED and its request to vacate or modify the Order is DENIED.

The Clerk of Court is directed to terminate the motion at ECF No. 45.

SO ORDERED.

Dated: January 9, 2024
New York, New York

ANALISA TORRES
United States District Judge